# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2019 CU 1151

### H.O.P.

### VERSUS

### J.S.P.

**Consolidated With**

### 2019 CU 1152

### J.S.P.

### VERSUS

### H.O.P.

Judgment Rendered: **JUN 0 5 2020**

* * * * * * *

APPEALED FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF TANGIPAHOA
STATE OF LOUISIANA
DOCKET NUMBER 2018-0003015 C/W
2018-0003037, DIVISION "K"

HONORABLE JEFFERY T. OGLESBEE, JUDGE

* * * * * * *

A. Bradley Berner
Hammond, Louisiana

Sherman Q. Mack
C. Glenn Westmoreland
Emily Guidry Jones
Albany, Louisiana

Attorney for Plaintiff/Appellant
H.O.P.

Attorneys for Defendant/Appellee
J.S.P.

**BEFORE: McDONALD, WELCH, THERIOT,
HOLDRIDGE and CHUTZ, JJ.**

Theriot, J. Dissents in part with reasons
Holdridge, J. concurs in the result. (by JMM)

**McDonald, J.**

This is an appeal from a trial court judgment awarding child custody, child support, and interim spousal support. After review, we affirm in part; vacate in part; amend in part, and as amended, affirm.

## FACTS AND PROCEDURAL HISTORY

H.O.P. (husband) and J.S.P. (wife) were married in Tangipahoa Parish on October 14, 2007 and had one child, C.H.P., born January 14, 2010.[1] On September 21, 2018, H.O.P. filed a petition for divorce in Tangipahoa Parish. On September 25, 2018, J.S.P. filed a petition for divorce pursuant to La. C.C. art. 102, custody, support, and incidental matters in Tangipahoa Parish.

The matter went to a trial on the merits on February 28, 2019. After the witness testimony, introduction of evidence, and arguments of counsel, the trial court granted the parties 20 days to find out the status of their 2015, 2016, and 2017 tax returns, which had not been available at the time of trial, and granted J.S.P. 20 days to "explore" the possibility of full-time rather than part-time work. The trial court noted that "I can't accurately set a number on child support and/or a . . . claim for spousal support without having an accurate financial picture of what those two numbers are unless you want me to make a decision based upon what I heard here today which is vague to say the least." Neither party supplemented the record after the trial.[2]

Thereafter, the parties were awarded joint custody with J.S.P. designated as the domiciliary parent. H.O.P. was awarded custody on alternating weekends during the school year from Friday at 5:00 p.m. until Sunday at 5:00 p.m. and every Tuesday after school until returning the child to J.S.P. the next morning for her to transport the child to school. Further, H.O.P. was awarded one-half of the

---

[1] In order to protect the identity of the minor child, we refer to the parents and the minor child by their initials throughout this opinion. See Uniform Rules - Courts of Appeal, Rule 5-1 and 5-2.

[2] H.O.P.'s 2018 W-2 was introduced into the record during the trial.

2

holidays each year, and the first and third weeks in June and July each year.

Child support in the amount of $635.00 per month was awarded to J.S.P. from H.O.P., retroactive to the date of demand, with credit given for payments made. H.O.P. was ordered to pay 60% of childcare costs, health insurance premiums, the child's extraordinary medical expenses, and other agreed-upon expenses. H.O.P. was also ordered to pay 60% of the expenses of tuition, registration, books, supply fees for C.H.P. attending Holy Ghost Catholic School, and extracurricular activity fees that C.H.P. was participating in. H.O.P. was awarded the right to claim the child for tax purposes in odd years, and J.S.P. was awarded the right to claim the child for tax purposes in even numbered years.

H.O.P. was also ordered to pay J.S.P. $1,630.00 per month in interim spousal support, retroactive to date of demand, with credit for payments made, and terminating 180 days from the rendition of the judgment of divorce. J.S.P.'s claim for final spousal support was pretermitted to a later date. The judgment was signed on April 1, 2019.[3] A judgment of divorce was signed on the same day.

H.O.P. appealed the judgment awarding custody, child support, spousal support, and incidental matters. He makes three assignments of error on appeal. First, he maintains that the trial court erred in awarding interim spousal support to J.S.P., and by finding that he has the ability to pay the interim spousal support awarded. Second, he maintains that the trial court erred in its allocation of physical custody of the minor child to him pursuant to La. R.S. 9:335. Third, he asserts that the trial court erred in calculating J.S.P.'s income for purposes of determining his child support obligation.

## ASSIGNMENT OF ERROR NO. 2

In this assignment of error, H.O.P. maintains that the trial court erred in its allocation of physical custody of the minor child pursuant to La. R.S. 9:335.

---

[3] Other ancillary matters decided in the custody and support judgment are not before us on appeal.

3

H.O.P. maintains that the trial court erred by not awarding physical custody to him at least three weekends per month during the school year. H.O.P. was awarded custody on alternating weekends during the school year, and every Tuesday after school until H.O.P. brought the child to J.S.P. the following Wednesday morning for transport to school.

In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child. La. C.C. art. 131. Every child custody case is to be viewed on its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. A trial court's determination regarding child custody will not be disturbed absent a clear abuse of discretion. **Ehlinger v. Ehlinger**, 2017-1120 (La. App. 1 Cir. 5/29/18), 251 So.3d 418, 422.

In awarding H.O.P. custody every Tuesday afternoon through Wednesday morning, in additional to alternate weekends, the trial court gave H.O.P. more custody time per month than an additional weekend per month would provide. We find no clear abuse of discretion by the trial court in not awarding H.O.P. three weekends per month during the school year. This assignment of error has no merit.

### ASSIGNMENT OF ERROR NO. 1

In this assignment of error, H.O.P. maintains that the trial court erred in awarding interim spousal support to J.S.P. and erred in finding that he has the ability to pay the interim spousal support awarded.

The spouse seeking interim spousal support bears the burden of proving his or her entitlement to such. **Romanowski v. Romanowski**, 2003-0124 (La. App. 1 Cir. 2/23/04), 873 So.2d 656, 663-64. A claimant demonstrates the need for interim spousal support if the claimant establishes that he or she lacks sufficient income or the ability to earn a sufficient income to sustain the style or standard of living that he or she enjoyed while residing with the other spouse. **Lambert v.**

4

**Lambert**, 2006-2399 (La. App. 1 Cir. 3/23/07), 960 So.2d 921, 928-929. The trial court is afforded much discretion in determining whether to make an award of interim spousal support, and such a determination will not be disturbed absent a clear abuse of discretion. **Martello v. Martello**, 2006-0594 (La. App. 1 Cir. 3/23/07), 960 So.2d 186, 193.

J.S.P. is a women's health nurse practitioner with a master's degree in nursing. She has worked part-time since the birth of C.H.P. C.H.P. was nine years old and attending school at the time of trial. At the time of trial, J.S.P. was working an average of 24 hours per week and earned $45.00 per hour. She testified that she worked every Tuesday and Wednesday, and a half-day every other Friday. J.S.P. testified that her gross income was $3,352.00 per month and her net income was $2,926.19 per month. J.S.P.'s pay stub for October 14 through October 27, 2018, indicated that she had earned $34,006.05 for the year through October 27, 2018, which would mean she earned approximately $40,800.00 in 2018.

J.S.P. also had a side business marketing and selling vitamins and health supplements. She testified that she could not recall how much profit she made in 2016 and 2017, but that she made less in 2018 than in 2017 and that the business had "dwindled down."

On cross-examination, J.S.P. agreed that if she worked full-time as a nurse, she could earn around $93,000.00 to $94,000.00 per year. She also testified that her side business could pay her residual income, but that it was not guaranteed. J.S.P. testified that she was looking into the possibility of working a half-day every Friday instead of a half-day every other Friday, as well as picking up one 12-hour shift on the alternating weekends that she did not have custody of C.H.P.

H.O.P. works as a high school teacher. H.O.P. grossed $53,372.64 from his teaching job in 2018. His pay stub shows that he earned gross monthly wages of $4,972.00 per month and netted wages of $3,567.44 per month. H.O.P. also earned

5

$200.00 per month in rental income.

H.O.P. had an interest in a family timber business and testified that he made a small amount of money from it, but no evidence of the income from that business was presented. H.O.P. had an interest in a real estate development business but testified that it was a losing investment. H.O.P. had a bulldozer business, but he testified that it did not turn a profit. H.O.P. also had a cattle business but testified that it was more of a hobby and did not turn a profit either. H.O.P. testified that he had depleted his separate savings accounts, which had made up the difference between the family's expenses and income prior to the divorce, as well as the difference between his expenses and income after the divorce. H.O.P. testified that he had to borrow money from his father to help pay his expenses during the divorce proceedings.

J.S.P. asked for interim spousal support, claiming necessitous circumstances. At the time of trial, J.S.P. worked an average of 24 hours per week, for a total of 96 hours per month. If J.S.P. worked half-days every Friday (as opposed to every other Friday) and picked up one 12-hour shift each weekend that she did not have custody, as she testified she was looking into doing, she could work approximately 32.5 hours per week, totaling 130 hours per month. This would bring her monthly income from $3,352.00 to $5,850.00, or $70,200 annually.

We find that the trial court abused its discretion in not finding that J.S.P. was voluntarily underemployed for purposes of determining interim spousal support. Further, we find that the trial court abused its discretion in determining that J.S.P. demonstrated the need for interim spousal support by showing that she lacked sufficient income *or the ability to earn sufficient income* to sustain the style or standard of living that she enjoyed while she resided with H.O.P. See **Lambert**, 960 So.2d at 928. Thus, we vacate the award of interim spousal support.

## ASSIGNMENT OF ERROR NO. 3

6

In this assignment of error, H.O.P. asserts that the trial court erred in calculating the income of J.S.P. for purposes of determining his child support obligation, as she was voluntarily underemployed.

In a proceeding for divorce or thereafter, the court may order either or both parents to provide an interim allowance or final support for a child based on the needs of the child and the ability of the parents to provide support. La. C.C. art 141. The manifest error standard of review applies to the trial court's conclusions of fact regarding financial matters underlying an award of child support. **Romanowski**, 873 So.2d at 662.

Louisiana Revised Statutes 9:315.11 provides in part:

A.(1) If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years.

There is no evidence in the record that J.S.P. suffers from any mental or physical incapacity which prevents her from obtaining full-time employment, and the parties' only child is over five years old and attends school. As previously stated, J.S.P. was only working an average of 24 hours per week at the time of trial but had the potential to pick up more hours and increase her income.

For purposes of determining child support, we find that the trial court manifestly erred by not calculating child support based upon J.S.P.'s earning potential due to her voluntary unemployment. Thus, we vacate the award of child support and we recalculate the child support award using J.S.P.'s earning potential.

H.O.P.'s gross monthly income is $4,972.00. J.S.P.'s imputed gross monthly income is $5,850.00. Their combined grossly monthly income is $10,822.00. Thus, H.O.P.'s portion of their combined gross monthly income is 46% and J.S.P.'s portion of their monthly adjusted gross income is 54%. The basic child support obligation is $1,219.00. H.O.P.'s 46% of $1,219.00 equals a child support

7

obligation of $560.74. See La. R.S. 9:315.19.

In addition to the basic child support obligation, the other expenses outlined in the trial court judgment are adjusted so that H.O.P. shall be responsible for 46% of any childcare costs, extraordinary medical expenses for C.H.P., and other agreed-upon expenses. Also, H.O.P. shall be responsible for 46% of the expenses of tuition, registration, books, and supply fees required for C.H.P. attending Holy Ghost Catholic School, as well as 46% of fees for those extracurricular activities that the minor child is participating in.

As H.O.P. is paying for 100% of C.H.P.'s $74.00 health insurance premium by payroll deduction, for which he is responsible for only 46%, he gets a credit for paying J.S.P.'s 54% of the $74.00, or $39.96. See La. R.S. 9:315.4(A). Thus, H.O.P.'s monthly child support obligation of $560.74, minus a credit of $39.96, equals a monthly child support obligation of $520.78. Accordingly, H.O.P.'s monthly child support obligation is amended to $520.78, and as amended, affirmed.

## DECREE

For the foregoing reasons, the child custody award is affirmed, the interim spousal support award is vacated, and the monthly child support award is amended to $520.78, and as amended, affirmed. Costs of this appeal are assessed one-half against H.O.P. and one-half against J.S.P.

**AFFIRMED IN PART, VACATED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.**

8

<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CU 1151

H.O.P.

VERSUS

J.S.P.

Consolidated With

2019 CU 1152

J.S.P.

VERSUS

H.O.P.

**THERIOT, J., dissenting in part with reasons.**

I agree with the majority to affirm the child custody award and to amend the child support award.

I disagree with vacating the trial court's judgment. I would simply affirm the trial court's decision. I do not believe the trial court abused its authority or committed manifest error, since neither party supplemented the record to provide the court with a clearer picture of their financial situation when given the opportunity to do so. I find both husband and wife are under reporting their income. I do not wish to "punish" the wife for being underemployed when the husband refuses to provide the court with the financial activity of his dozer business and the family timber business. As such, I find both parties to be in bad faith. As a result, the judge did the best he could do with the information provided.